STATE *v.* JACOB BENTON.

Where the Supreme Court, at a trial term, continue a criminal case with an
order that the respondent, who has been committed to jail, shall recognize
in the sum of two hundred dollars, the clerk may take the recognizance
after the term of court is over.

Upon *scire facias*, it was held that the only surety in a criminal recognizance is
bound, although the statute requires two sureties.

SCIRE FACIAS on a recognizance. For the purpose of raising ques-
tions of law, the following facts were agreed to, viz :

That at the April term of the Supreme Judicial Court, A. D. 1864,
one C. O. Burbank was indicted for receiving stolen goods, and being
committed to jail in said county, the cause was continued with an order
which is entered in these words and figures : "Defendant to recognize
in $200."

After the court had adjourned for said term, D. C. Pinkham, who
was clerk of said court, and a justice of the peace for said county, but
who had no other authority than as such clerk and justice of the peace,
took the recognizance of said Burbank and the defendant, in the said
sum of $200.

*Heywood* for State.

*J. H. Benton, Jr.*, for defendant.

SMITH, J. It is believed to have been the general practice in this
State, where orders have been made in court, fixing the amount of a
recognizance, for the clerk to take the recognizance after the final ad-
journment, if none was entered into during the session of the court.
The order now in question must be construed, in view of the existing
practice, as giving the clerk authority to take the recognizance in vaca-
tion.

The objection that the statute requires two sureties cannot avail to
discharge from liability the single surety who voluntarily entered into
the recognizance without a co-surety. If the State had refused to ac-
cept a recognizance with only one surety, the statute would have justi-
fied that refusal; see *State* v. *White*, 41 N. H. 194; *Gilman* v.
*Bartlett*, 20 N. H. 168. But the State make no objection; on the
contrary, they seek to enforce the recognizance. The law requiring
two sureties was not enacted for the benefit of respondents or sureties,
but for the security of the State; and, although there was an omission
on the part of the State officials to insist on a compliance with the
statute, this surety cannot make their misconduct in not requiring ad-
ditional security a reason for depriving the State of the security which
was given. Individuals, in many instances, are allowed to waive statute
requirements enacted for their own benefit, (see *Farnam* v. *Davis*, 32
N. H. 302; *Dickey* v. *Livermore*, 34 N. H. 199); and it seems
reasonable in a case like the present that the State should have the same
privilege. So far as the surety is concerned, the giving of the recog-

nizance was not a compulsory, but a voluntary, proceeding.    It is not for the surety, "thus voluntarily appearing, to object to what was done ;" see Bell, C. J., in *State* v. *Eastman,* 42 N. H. 265, p. 273-4.

*State* v. *Buffum,* 22 N. H. 267, cited by defendant, is not precisely in point ; if it were, the grounds of that decision might require re-examination.

*Case discharged.*